UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JULIUS ROTHLEIN,[1]
                    Appellant,

        v.

DEPARTMENT OF THE NAVY,
                    Agency.

DOCKET NUMBER
DC-0752-13-5025-I-1

DATE: August 13, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Julius Rothlein, Woodbridge, Virginia, pro se.

Frederick Congdon and Linda L. Tiller, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which affirmed his furlough for 6 days.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation.  *Marine Corps Base Quantico II v. Department of the Navy*, MSPB Docket No. DC-0752-14-1096-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency issued a decision notice furloughing the appellant for no more than 11 workdays (later reduced to 6 days) from his GS-15 Attorney position. Initial Appeal File, Tab 1 at 27-29.  The furlough was based on serious budgetary challenges facing the Department of Defense (DOD), including the sequester that began on March 1, 2013.  The appellant filed an appeal, which the administrative judge consolidated with the appeals of similarly situated employees.  MSPB Docket No. DC-0752-14-1096-I-1, Consolidated Appeal File (CAF), Tab 1 at 2. After holding the requested hearing, the administrative judge affirmed the furlough actions.  CAF, Tab 15, Initial Decision (ID) at 2, 22.

¶3      On review, the appellant asserts that the furlough did not promote the efficiency of the service because the agency could have addressed its budget crisis without furloughing employees.  Petition for Review (PFR) File, Tab 1 at 6-8.  We disagree.  The evidence supports the administrative judge's determination that the agency had to make significant spending cuts because of sequestration.  Even assuming, as the appellant argues, that the agency had a surplus at the end of the fiscal year that had to be returned to the Department of

the Treasury, this does not mean that the agency had no deficit to remedy when it decided to furlough employees. We agree with the administrative judge that the agency established that the DOD faced a lack of funds and that the furlough actions were a reasonable management solution to the problem. ID at 14-17; *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014).

¶4      The appellant further contends that the agency violated his constitutional right to due process because he was denied the right to a deciding official with independent authority to decide his case. PFR File, Tab 1 at 8-11. He further contends, based on statements he attributes to the Secretary of the Navy, that this constitutes harmful error because, had he been permitted to make his reply to the Secretary of the Navy, the Secretary would not have furloughed him. *Id.* at 12. We find that the agency did not deprive the appellant of his constitutional due process. The deciding official provided a declaration made under penalty of perjury, which: (1) explained that he carefully reviewed each individual's submission, the proposal notice, and the documents the agency relied upon in issuing the proposal notice; (2) stated that he made an individual determination if the individual met any exemption criteria; and (3) asserted that he had authority to exempt an employee if he met established exemption criteria, and to recommend an exemption on a basis not previously recognized if he felt it appropriate. CAF, Tab 5 at 4-5. Under these circumstances, we find that the agency satisfied its obligation to afford the appellant due process. *See Rodgers v. Department of the Navy*, 2015 MSPB 45, ¶7 (finding that the deciding official possessed sufficient decision-making authority in the context of the agency-wide furlough to satisfy the appellant's right to due process); *Kelly v. Department of the Army*, 121 M.S.P.R. 408, ¶9 (2014) (rejecting the appellant's argument that the agency, in a furlough action, deprived him of due process because the deciding official lacked decisional independence).

¶5      Regarding the appellant's harmful error claim, he has not identified a statute or regulation that the agency violated when it designated the deciding

official in his case, and thus, it is not clear what the alleged error is. Assuming that the agency committed a procedural error, the appellant bears the burden of showing that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the purported error. *See Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015). The appellant's speculation as to what the Secretary of the Navy *might* have done is insufficient to meet his burden of proving harm. *See id.*, ¶ 11. Moreover, the sheer number of civilian Navy employees who were subjected to furloughs tends to show that the Secretary of the Navy was generally disinclined to interfere with the decisions made by his subordinate managers and that it was not likely that the outcome in this case would have been different if the Secretary of the Navy intervened, particularly given that the appellant does not claim to be exempt from the furlough, but rather that there should not have been a furlough.

¶6      Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.