# United States Court of Appeals for the Federal Circuit

---

**VICTORIA CALHOUN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2016-2220

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-13-5389-I-1.

---

Decided: January 12, 2017

---

VICTORIA CALHOUN, Severn, MD, pro se.

NATHANAEL YALE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before NEWMAN, CHEN, and STOLL, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Victoria Calhoun appeals the decision of the Merit Systems Protection Board ("Board") sustaining the action of the Department of the Army imposing a six day furlough in July and August of 2013 in response to sequestration legislation.[1]  We discern no reversible error in the Board's decision.

BACKGROUND

The Budget Control Act of 2011 established spending limits for federal agencies and required automatic spending cuts ("sequestration") if certain deficit reduction legislation was not enacted.  Pub. L. No. 112-25, §§ 101-103, 125 Stat. 240, 241-46 (2011).  The American Taxpayer Relief Act of 2012, Pub. L. No. 112–240, § 901, 126 Stat. 2313, 2370 (§ 901(e)), required the President to issue a sequestration order on March 1, 2013, near the middle of fiscal year 2013. 126 Stat. at 2370.  On that date, President Obama issued a sequestration order requiring reductions in spending from most federal budget accounts for fiscal year 2013.  78 Fed.Reg. 14,633.

As a result, the 2013 budget of the Department of Defense (DOD) was cut by approximately 37 billion dollars, to be absorbed in the remaining six months of the fiscal year.  The DOD took a number of steps to address the budgetary shortfall, including reprogramming funds, reducing facility maintenance, and eliminating some military training exercises.  In a May 2013 memorandum, the Secretary of Defense explained that furloughs of civilian workers would be imposed to address the "historic shortfall in our budget" resulting from sequester.

Ms. Calhoun is a non-excepted civilian Doctrine Defense Specialist employed by the United States Army

---

[1]    *Calhoun v. Dep't of Army*, No. PH-0752-13-5389-I-1, 2016 WL 1566603 (M.S.P.B. Apr. 19, 2016) (Final Order).

Cyber Command (ACC), within the Department of the Army. The Commander of the ACC, Lt. Gen. Rhett A. Hernandez, was designated as the deciding official for the furloughs of ACC employees. Lt. Gen. Hernandez delegated that authority to his Chief of Staff, Col. Scott E. Sanborn. On May 28, 2013, Ms. Calhoun was issued a Notice of Proposed Furlough, including notice of her opportunity to reply. Ms. Calhoun exercised her opportunity to reply via an oral presentation to James L. Hillborn, an official designated by Col. Sanborn to hear oral replies. Ms. Calhoun also submitted a written reply on June 5, 2013. Her replies included budget proposals she asserted would prevent furloughs.

On July 1, 2013, Ms. Calhoun received her Notice of Decision to Furlough. The Notice stated: "[y]our written and oral replies received in response to [the] notice have been reviewed and carefully considered. I have determined that the reasons for the proposed furlough, as stated in the notice of proposal, remain valid." S.A. 89. In email responses to inquiries by Ms. Calhoun, Col. Sanborn stated on July 14, 2013 that "I read through the packet that you included," and on July 30, 2013 that "[t]he furlough guidance we received is clear and unfortunately I cannot exempt you for the reasons you have highlighted . . . ." S.A. 92–95. Ms. Calhoun was ultimately furloughed for six nonconsecutive days in July and August 2013.

Ms. Calhoun filed a notice of appeal with the Board, alleging the furlough did not promote the efficiency of the service. Ms. Calhoun also alleged that the agency committed harmful error by failing to consider her budget proposals. She also stated that Lt. Gen. Hernandez improperly delegated his authority as deciding official to Col. Sanborn. The administrative judge (AJ) found Lt. Gen. Hernandez's delegation to Col. Sanborn did not violate DOD policy. *Calhoun v. Dep't of the Army*, No. PH-0752-13-5389-I-1, 2015 WL 4712185 (M.S.P.B. July

30, 2015). The AJ also found that Col. Sanborn appropriately considered Ms. Calhoun's reply, and that evaluation of the merits of her budget proposals was beyond the scope of his review as deciding official. The AJ affirmed the furlough decisions as a reasonable management solution to the shortage of funds caused by sequestration and that the furloughs promoted the efficiency of the service. *Id.*

On appeal to the full Board, Ms. Calhoun renewed her argument that the agency erred in delegating the responsibilities of the deciding official to Col. Sanborn. Ms. Calhoun also asserted a due process violation because the deciding official did not receive a written summary of her oral reply prior to issuing the decision letter. The Board affirmed the AJ's decision, holding that the delegation to Col. Sanborn did not violate DOD policy or introduce harmful procedural error. Final Order at ¶9. The Board also found no due process violation because Col. Sanborn received and considered Ms. Calhoun's written reply and because the summary of her oral reply would not have altered the furlough decision. Final Order at ¶10.

Ms. Calhoun appeals.

DISCUSSION

We review the Board's decision to ascertain whether it was (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

By statute, an agency may furlough an employee "because of lack of work or funds or other nondisciplinary reasons." 5 U.S.C. § 7511(a)(5). Furloughs of thirty days or less are deemed adverse employment actions, 5 C.F.R. § 752.401(a)(5), and may only be taken "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). An agency satisfies the "efficiency of the service"

standard by demonstrating that the furlough was "a reasonable management solution to the financial restrictions placed on the agency and that the agency determine[d] which employees to furlough in a fair and even manner." *Einboden v. Dep't of Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015). An employee faced with an adverse action must be provided written notice that must "stat[e] the specific reasons for the proposed [adverse] action," an opportunity to answer and to provide "documentary evidence in support of the answer", and a "written decision." 5 U.S.C. § 7513(b).

The Board found that Ms. Calhoun was furloughed in response to sequester legislation and that the furlough was a "reasonable management solution" to the financial restrictions faced by the agency. Although Ms. Calhoun states that the "procedural and legislative changes to fix the budgetary IT systems" she proposed would have averted furloughs, "[i]t is not our role to second guess agency decisions." *Einboden*, 802 F.3d at 1325; *see also Chandler v. Dep't of the Treasury*, No. AT-0752-13-0583-I-1, 2013 WL 5273920, at *4 (M.S.P.B. Sept. 18, 2013) ("Such matters belong to the judgment of agency managers, who are in the best position to decide what allocation of funding will best allow the agency to accomplish its mission."). The agency's decision has not been shown to be unreasonable and the Board did not err in applying the "efficiency of the service" standard to exclude the second-guessing of agency management and spending decisions.

Ms. Calhoun also states that the Board erred in finding that the deciding official, Col. Sanborn, reviewed the presentation accompanying her written reply prior to issuing the Notice of Decision. The Board determined, based on Col. Sanborn's sworn declaration, that Col. Sanborn did review Ms. Calhoun's proposal. Substantial evidence supports the Board's finding, for there was no contrary information.

Ms. Calhoun also states that the Army improperly delegated authority to Col. Sanborn in violation of internal DOD furlough policies. She states that the policies prohibited "further delegations" and that Col. Sanborn was not at the identified minimum rank. The policy memorandum Ms. Calhoun identifies states:

> Relative to the review and decision on individual employee requests for exception, per guidance issued via the Principal Deputy Assistant Secretary of Defense, Readiness and Force Management, memorandum, dated March 13, 2013, activities should designate the Deciding Official. The designated Deciding Official will be no lower than a local Installation Commander, senior civilian or equivalent who would be in the best position to determine the fair and equitable application of the furlough. Deciding Official responsibilities may not be further delegated.

S.A. 37. The Board found that the memorandum contemplated that Deciding Official authority could be delegated several times, but to an official "no lower than a local Installation Commander, senior civilian or equivalent." We discern no error in the Board's interpretation. Substantial evidence also supports the Board's determination that Col. Sanborn was no lower than a "local Installation Commander."

Ms. Calhoun states that she was deprived of a "meaningful reply" because Col. Sanborn lacked the authority to review and act on her budget proposals.[2] The Board found that Col. Sanborn's authority as a deciding official

---

[2] The record reflects that Ms. Calhoun's proposals were ultimately considered on the merits by the ACC on August 27, 2013. The ACC recommended no action on the proposal. S.A. 111.

was limited to determining whether Ms. Calhoun was within one of the DOD prescribed categories of exempted employees and whether a reduction in her furlough hours was necessary to the agency's mission. While a deciding official must possess authority to take or recommend action, due process does not require "unfettered discretion to take any action he or she believes is appropriate" or require "consider[ation of] alternatives that are prohibited, impracticable, or outside of management's purview." *Rodgers v. Dep't of the Navy*, 2015 M.S.P.B. 45 ¶6 (2015). Here the authority of the deciding official was commensurate with the nature of the furlough decisions.

Ms. Calhoun states that her Board panel was improperly constituted because it was composed of only two members, and that this contravened 5 C.F.R. § 1200.3(d) and 5 U.S.C. § 1201. Contrary to Ms. Calhoun's assertion, the regulations contemplate that a Board may be composed of two members. *See* 5 C.F.R. 1200.3(e) ("This section applies only when at least two Board members are in office."). Two-member Board panels may issue final decisions when both members are in agreement. 5 C.F.R. § 1200.3(b)–(d). No procedural error or due process violation has been shown in the implementation and review of the furlough.

Ms. Calhoun makes several other arguments on appeal, including that the implementation of the furloughs violated the non-delegation doctrine and separation of powers principles; that the furloughs amount to a bill of attainder; that the oral reply official was not properly designated; and that her written reply was a protected whistleblowing disclosure. No merit accompanies any of these arguments.

CONCLUSION

We discern no reversible error in the Board's rulings that the furlough of Ms. Calhoun was in accordance with

law and implemented without procedural error or due process violation.

## **AFFIRMED**

No costs.