# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

CASH LINDSAY,

        Appellant,

        v.

DEPARTMENT OF HOMELAND
   SECURITY,

        Agency.

DOCKET NUMBER
AT-0752-16-0429-I-1

DATE: April 6, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jonathan R. Bell</u>, Esquire, and <u>Susan Tylar</u>, Esquire, Garden City, New York, for the appellant.

<u>Carley D. Bell</u>, Arlington, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to find that the appellant failed to establish that his due process rights were violated because the deciding official lacked, or believed that he lacked, the authority to take or recommend action other than removal in this case, we AFFIRM the initial decision.

¶2       The appellant was removed from his position as a Transportation Security Inspector–Explosives Detection Canine Handler with the Transportation Security Administration (TSA) after he allegedly failed to provide an adequate breath sample for an alcohol test.  Initial Appeal File (IAF), Tab 5 at 36-42.  He argues that his due process rights were violated because the deciding official lacked the authority, or believed that he lacked the authority, to mitigate the proposed removal regardless of any argument or evidence that the appellant presented in

reply to the proposal notice.[3]  Petition for Review (PFR) File, Tabs 1, 10.  The appellant has the burden of proving his affirmative defense by preponderant evidence.[4]  5 C.F.R. § 1201.56(b)(2)(i)(C).

¶3  We find that the appellant's argument fails for two reasons.  First, the provisions of Management Directive 1100.75-3 and the accompanying Handbook, rather than chapter 75 of Title 5 of the U.S. Code, govern disciplinary actions against TSA employees.  *Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶ 5 n.2 (2014); *see* 49 U.S.C. §§ 114(n), 40122(g)(2).  The Handbook provides that the agency generally will take the *Douglas* factors[5] into account when issuing disciplinary action.  IAF, Tab 5 at 366; *see Buelna*, 121 M.S.P.R. 262, ¶ 33.  However, the Handbook provides that the *Douglas* factors do not apply to certain offenses for which removal is required, including the "[r]efusal to submit to TSA-ordered drug or alcohol testing."  IAF, Tab 5 at 366, 373.  Accordingly, we find that if the deciding official had declined to consider any mitigating factors in this case, he did so in accordance with the law.[6]

¶4  Second, we find that the deciding official's testimony indicates he understood that if he had concluded that the appellant should not have been removed due to some exculpatory or mitigating reason, he would have sent such

---

[3] The appellant raised this issue before the administrative judge.  IAF, Tab 48 at 4-7.  The administrative judge addressed the issue as an error in the weighing of the appropriate penalty rather than as a due process issue.  IAF, Tab 49, Initial Decision at 10, 13-15.  We modify the initial decision to address the argument as one regarding the appellant's due process rights.

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[5] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (setting forth the factors appropriate to consider in determining the reasonableness of an agency-imposed penalty in an action covered by 5 U.S.C. chapter 75).

[6] The Handbook provides for an exception to the mandatory removal policy.  IAF, Tab 5 at 373 n.1.  The deciding official testified to his awareness of the exception.  Hearing Transcript 2 at 4, 10 (testimony of the deciding official).

information to his supervisors to make a determination on what to do. Hearing Transcript 2 (HT-2) at 66, 75 (testimony of the deciding official). We find that his testimony is consistent with the scope of his authority under the agency's rules for a mandatory removal offense, such as refusal to submit to alcohol testing, and that the appellant received a meaningful opportunity to invoke all of the discretion afforded by agency rules. IAF, Tab 5 at 366, 373 & n.1. Although due process requires that "a deciding official must possess authority to take or recommend action, due process does not require 'unfettered discretion to take any action he or she believes is appropriate' or require 'consider[ation of] alternatives that are prohibited, impracticable, or outside of management's purview.'" *Calhoun v. Department of the Army*, 845 F.3d 1176, 1179 (Fed. Cir. 2017) (quoting *Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 6 (2015)).

¶5      At the hearing, the deciding official confirmed that he took into consideration the appellant's reply to the proposal notice, that the appellant had been employed with the agency since 2005, and that he had previously been employed with the U.S. Air Force. HT-2 at 9-10, 16 (testimony of the deciding official). The decision notice additionally reflects that the deciding official considered the appellant's prior satisfactory performance ratings.[7] IAF, Tab 5 at 40-42. Had the deciding official believed that he had no discretion in the matter, there would have been little reason for him to have even considered such mitigating circumstances. Accordingly, we find that the appellant failed to prove that the deciding official lacked, or believed that he lacked, the authority to take or recommend any action other than removal in his case. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 16 n.4 (2013) (upholding an appellant's removal for conduct violating an agency's "zero tolerance" policy when the deciding official gave bona fide consideration to the relevant *Douglas* factors).

---

[7] On review, the appellant has not alleged that the deciding official failed to consider any other mitigating factors. PFR File, Tabs 1, 10.

¶6        The appellant does not otherwise challenge the administrative judge's findings, PFR File, Tabs 1, 10, and we find no material error with the initial decision.[8]    Accordingly, we affirm the appellant's removal from the Federal service.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.   You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b).   Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[8] In his reply to the agency's response to the petition for review, the appellant notes that he still disputes the factual basis for his removal but omits such arguments from his reply, without conceding them, because they would be out of place.  PFR File, Tab 10 at 7 n.1.  Because the appellant has not identified any specific error with the initial decision in this regard, he has failed to establish a basis for the Board's review of the administrative judge's factual determinations.  5 C.F.R. § 1201.115(a)(2).

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
                             _____
                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.